THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00038-MR-WCM

| AMBER HOSACK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| VALORIE LNU, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1]; the Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]; and the Plaintiff's "Proposed Amended Complaint" [Doc. 3].

The Plaintiff Amber Hosack, proceeding *pro se*, filed this action on February 5, 2025. In her Complaint [Doc. 1], as supplemented [Doc. 3], the Plaintiff asserts claims for "wrongful eviction," "breach of warranty of habitability credit passed due," "breach of the right to quiet enjoyment," "defamation," "breach of contract unjust enrichment," "IIED intentional infliction of emotional distress," and "illegal 'court ordered homelessness' from a wrongful allegation." [Doc. 3 at 1-5] (errors uncorrected). She names as defendants: "Valorie Landlord," "Paul Landlord," the Asheville Police Department, "Asheville Sheriff Department," Lee County Probation, Lee

County Sheriff Department, Lee County Jail,[1] "Asheville, NC State Clerk," and "Asheville, NC State Criminal Department." While the Plaintiff's allegations are difficult to discern, it appears that she is challenging her eviction from her residence. [See, e.g., Doc. 3 at 6 ("the wrongful eviction, and the erroneous punitive length of time for an expungement of the wrongful allegation; the wrongful statement of the police; default statement that a prosecuting witness even existed; the fall statement by Pascal legal and prosecutors for individual to say time serves when individual repeatedly stated a miscommunication and non-harm where the statement at time served would consent to the allegations and was malpractice and illegal advice that was not consistent with the physician of individuals of the event")] (errors uncorrected). For relief, she appears to seek an award of $283,000 in compensatory damages and injunctive relief. [Id.].

Ms. Hosack's filings are frivolous, irrational and unintelligible. As such, her Complaint is legally baseless and presents no cognizable basis upon which the Court can grant any relief. A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and

---

[1] The Lee County Defendants appear to be entities in the State of Florida.

2

including 'claims of infringement of a legal interest which clearly does not exist.'"). The Court has inherent authority to dismiss a frivolous action *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

This is one of four actions involving the Plaintiff that are currently pending before the Court. Each of these actions involve frivolous, irrational and often incomprehensible allegations. The Plaintiff is hereby advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am.,

Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. In her Application, she asserts that she has no income or assets other than a vehicle. However, the Plaintiff does not explain how she is able to live and support herself without any source of financial support and without incurring any expenses for basic necessities. Consequently, the Plaintiff's application is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as frivolous.

**IT IS SO ORDERED.**

Signed: February 6, 2025

Martin Reidinger
Chief United States District Judge